UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIM DUNN, an individual,

    Plaintiff,

vs.    Case No. 2:13-cv-292-FtM-29UAM

TZ INSURANCE SOLUTIONS, LLC, a Delaware limited liability corporation,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint or, in the alternative, Motion to Strike Plaintiff's Punitive Damages Claim (Doc. #24) filed on September 10, 2013. Plaintiff filed a Response (Doc. #25) on September 11, 2013.

**I.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive dismissal, 'the complaint's allegations must plausibly suggest that

the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.'" James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (quoting Twombly, 550 U.S. at 555-56).  A claim is plausible when the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim.  Twombly, 550 U.S. at 556; Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

**II.**

Plaintiff Kim Dunn filed this action against defendant TZ Insurance Solutions, LLC, alleging wrongful termination in violation of the Florida Whistleblower Act, Fla. Stat. § 448.102. At all relevant times, until his termination on or about April 19, 2012, plaintiff was employed as an insurance salesman by defendant. (Doc. #20, ¶¶ 6, 29.)  Plaintiff alleges that in order to properly submit an insurance application, "each applicant must personally sign an application and 'e-sign' their application personally." (Id. ¶ 19.)  Despite this requirement, other sales representatives employed by defendant would e-sign applications on behalf of the applicant from a workplace computer or a personal cell phone

without the applicant's knowledge and/or signature in order to meet their sales quota. (Id. ¶ 20.) A supervisor and an employee were terminated for such conduct and at least two formal meetings were conducted to address this behavior. (Id. ¶ 22.)

Despite the meetings, the practice of e-signing insurance applications on behalf of the insured continued. Plaintiff clearly communicated his refusal to engage in such conduct because it would violate Fla. Stat. § 817.234(1)(a). (Id. ¶ 27.) Following his refusal to engage in the creation, signing, and processing of fraudulent insurance applications, plaintiff was terminated. (Id. ¶ 29.)

### III.

The Florida Whistleblower Act provides that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has . . . objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3). In order to successfully state a claim under the Florida Whistleblower Act, a plaintiff "must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events." Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001) (quoting Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998)). Defendant claims

that plaintiff's allegations do not support the first element of the claim. (Doc. #24, p. 5.)

The Second Amended Complaint alleges that plaintiff refused to e-sign insurance applications without the consent or signature of the applicant because it would violate Fla. Stat. § 817.234(1)(a).[1] Defendant states that "[i]t would be a drastic leap to conclude that the e-signing of applications by TZ employees constitutes insurance fraud." (Doc. #24, p. 6.) In light of the allegations that the applications were signed without the knowledge or authorization of the applicant, the Court finds that plaintiff has adequately identified a law that he refused to violate. Therefore, defendant's Motion to Dismiss is denied.

**IV.**

Defendant asserts that plaintiff's claim for punitive damages must be stricken because punitive damages are not available under the Florida Whistleblower Act. (Doc. #24, p. 7.) Plaintiff concedes this issue. (Doc. #25, p. 7.) Accordingly, defendant's

---

[1] Fla. Stat. § 817.234(1)(a)(3) provides that "[a] person commits insurance fraud punishable as provided in subsection (a)(11) if that person, with the intent to injure, defraud, or deceive any insurer . . . [k]nowingly presents, causes to be presented, or prepares or makes with knowledge or belief that it will be presented to any insurer, purported insurer, servicing corporation, insurance broker, or insurance agent, or any employee or agent thereof, any false, incomplete, or misleading information or written or oral statement as part of, or in support of, an application for the issuance of, or the rating of, any insurance policy, or a health maintenance organization subscriber or provider contract; or [] [k]nowingly conceals information concerning any fact material to such application . . . ."

Motion to Strike Plaintiff's Punitive Damages Claim is granted.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #24) is **DENIED**.

2. Defendant's Motion to Strike Plaintiff's Punitive Damages Claim (Doc. #24) is **GRANTED**.

3. Defendant shall have **TWENTY ONE (21) DAYS** from the entry of this Opinion and Order to file an answer to plaintiff's Second Amended Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of October, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:

Counsel of record